ANNA R. KENNEDY v. JOHNS-MANVILLE SALES CORPORATION

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 77714

Memorandum filed December 27, 1946.

*Joseph B. Hurwitz,* of Hartford, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

INGLIS, J.   The amended complaint in this action alleges that in 1935 the defendant insulated the walls of the plaintiff's house and did it in such a negligent manner that the walls were injured and that the injuries did not become apparent until December, 1945.  The cause of action is set up in two alternative counts.  The first count sounds in negligence and the second count alleges a breach of the defendant's contract to do the work in a skillful and workmanlike manner.  Whether the contract was in writing or oral is not stated.

The demurrer is based on the Statute of Limitations.  It is apparent that in the complaint the plaintiff has set up all the facts upon which he relies to avoid the statute.  Accordingly, a demurrer is a proper means of attack.

The Statute of Limitations which applies to the first count is § 1680c, Cum. Sup. 1935.  That section reads: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within one year from the date of the act or omission complained of." The act or omission complained of occurred in 1935.  So clearly, the cause of action stated is barred.

The statute applicable to the second count is either § 6005 or § 6010 of the General Statutes, depending upon whether the contract alleged was or was not in writing. In the one, the period specified is six years; in the other three; but in each it is provided that the action must be brought within the specified period "next after the right of action shall accrue." In this case, therefore, the only question is when the right of action accrued.

The contention of the plaintiff is that the right of action did not accrue until she sustained damage and that that was not until 1945. The difficulty with that contention is that it does not distinguish between the sustaining of legal damage and the becoming aware of actual damage by reason of the damage coming to light. It is well established that ignorance of the fact that injury has been done (unless there has been fraudulent concealment thereof, which is not claimed in this case) does not prevent the running of the statute. 37 C. J. 969; *Bank of Hartford County* v. *Waterman,* 26 Conn. 324. A cause of action for breach of contract, of course, does not accrue until the injury is consummated in damage sustained by the injured party, but that damage is legal damage rather than apparent damage. *Bank of Hartford County* v. *Waterman,* supra.

In the present case the faulty work which broke the contract resulted in legal damage as soon as it was done. Even though its effects did not appear until later or even though its full effects did not occur until later, as soon as the insulation was installed in a faulty manner the house was thereby depreciated in value to the full extent that it would be as a consequence of the faulty work. *Giambozi* v. *Peters,* 127 Conn. 380. So, in an action for breach of contract such as this, not only is the cause of action complete at the time the breach of contract occurs,— that is, when the injury has been done—but also the injured party is chargeable with notice of the damage and cannot stop the running of the statute by his ignorance that actual damage has been sustained or will be sustained. The legal damage is sustained at the time of the breach.

For the foregoing reasons the demurrer to the amended complaint is sustained.